**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Paul Martinka, | |
| Plaintiff, | Case No: |
| v. | |
| G/O Media, Inc d/b/a theroot.com, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

Plaintiff Paul Martinka ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant G/O Media, Inc d/b/a theroot.com ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2.      Plaintiff is an award-winning professional photographer and photojournalist based in New York City. For more than three decades, he has earned his livelihood through the creation, publication, licensing, and distribution of original photographic works depicting newsworthy events, public figures, celebrities, sports, and other matters of public interest.

3.      Plaintiff is a highly regarded photojournalist whose work has been featured in nationally and internationally recognized publications, including Rolling Stone, People, Vanity Fair, Elle, Time, and Der Spiegel, among others. His photography has also appeared in numerous television programs and news broadcasts, including TMZ, Entertainment Tonight, 20/20, 60 Minutes, Inside Edition, and ABC News.

4.      Originally from Czechoslovakia and entirely self-taught, Plaintiff has built a

1

distinguished career through his talent, skill, and dedication to photography. Throughout his career, he has covered breaking news, entertainment, celebrity events, sports competitions, corporate events, and other significant public happenings.

5.     Since approximately 2001, Plaintiff has been a regular contributor to prominent media and photographic licensing organizations, including the New York Post, Splash News, Polaris Images, and Corbis Images, through which his photographic works have been distributed, published, and licensed to third parties worldwide.

6.     Plaintiff's original photographic works have achieved substantial public exposure and recognition through publication in major media outlets and widespread licensing and distribution channels. His photographs possess significant commercial value and are routinely licensed for editorial, news, entertainment, and commercial purposes.

7.     As a result of his longstanding career, professional accomplishments, and widespread publication history, Plaintiff has established a valuable reputation in the photography industry and derives income from the licensing and authorized use of his copyrighted photographic works.

8.     Plaintiff created a photograph of police offers at the location where a man died after being put in a chokehold in Manhattan, New York (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

9.     Defendant is, upon information and belief, a Delaware corporation engaged in the business of owning, operating, publishing, managing, and controlling a portfolio of digital media and online publishing properties. During the period relevant to this action, including May 2023, Defendant owned, operated, managed, and controlled the website TheRoot.com (the "Website"), a nationally recognized online publication focused on news, culture, politics, entertainment, and commentary.

10.     Upon information and belief, the Website was part of Defendant's portfolio of digital media brands and was published and operated as a "G/O Media" property. During the relevant period, Defendant exercised editorial, managerial, operational, and financial control over

SLG SANDERS · LAW GROUP ·

2

the Website, including the creation, acquisition, selection, editing, publication, display, and distribution of content appearing thereon.

11.    Upon information and belief, Defendant used the Website to attract readers, generate traffic, promote its media business, and derive revenue through advertising, sponsorships, and other commercial activities. Defendant's network of digital publications reached a substantial audience and generated significant commercial value through the publication and distribution of online content.

12.    Upon information and belief, Defendant maintained the right and ability to supervise, approve, modify, remove, and control the content published on the Website and was responsible for the acts of its employees, editors, agents, contractors, and representatives acting within the course and scope of their authority in connection with the Website.

13.    Upon information and belief, all content published, displayed, reproduced, distributed, and otherwise made available on the Website during the relevant period was subject to Defendant's direction and control, including the infringing content alleged herein.

14.    Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

15.    Plaintiff is a citizen of the State of New York who maintains a principal place of business in Kings County, New York.

16.    Defendant is a Delaware Corporation with a principal place of business at 1290 Avenue of the Americas,, New York in New york County, New York.

### JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

18.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

3

19.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A.    Plaintiff's Copyright Ownership

20.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

21.    Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

22.    Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

23.    Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

24.    Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

25.    Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

26.    Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

27.    Plaintiff has obtained active and valid copyright registrations from the United States

4

Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

28. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

29. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

30. On May 1, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

31. Plaintiff published the Photograph by commercially licensing it to a third-party media company or agency for the purpose of display and public distribution.

32. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

33. On June 27, 2023, the Photograph was registered by the USCO under Registration No. VA 2-356-464.

34. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.** **Defendant's Infringing Activity**

35. Defendant is the registered owner of the Website and is responsible for its content.

36. Defendant is the operator of the Website and is responsible for its content.

37. The Website is a part of and used to advance Defendant's commercial enterprise.

38. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

39. The Website is monetized in that it sells merchandise to the public and, on information and belief, Defendant profits from these activities.

40. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public

5

visibility, generate business opportunities, and enhance Defendant's brand recognition.

41. Upon information and belief, Defendant is a sophisticated media company operating in an industry in which the use of professional photography and copyrighted content is prevalent.

42. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

43. Upon information and belief, the Photograph contained visible copyright management information, authorship information, a gutter credit, and/or a watermark identifying Plaintiff, which Defendant removed, omitted, obscured, altered, and/or failed to reproduce.

44. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

45. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

46. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

47. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

48. On or about May 3, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line story at URL https://www.theroot.com/death-by-a-vigilante-a-black-

man-killed-by-a-white-pas-1850399213 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

49.    The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://i.kinja-img.com/image/upload/c_fit,q_60,w_1315/7e3f531dacbac9fbd3ac 7a29e52c8003.jpg.

50.    The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

51.    Plaintiff first observed the Infringement on April 2, 2024.

52.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

53.    The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

54.    Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

55.    Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

56.    Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf including but not limited to Candace McDuffie who is publicly identified as a Senior Writer at The Root (collectively, the "*Representatives*").

57.    Upon information and belief, Defendant vested its Representatives with actual

and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

58.     Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

59.     Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

60.     Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

61.     Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

62.     Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

63.     Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

64.     Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

65.     Upon information and belief, Defendant was aware of facts or circumstances from

which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

66.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

67.     Upon information and belief, the Photograph contained visible copyright management information, authorship information, and/or a copyright watermark, which Defendant removed, ignored, obscured, and/or failed to reproduce. Such facts support a finding that Defendant acted knowingly and willfully.

68.     Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

69.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

70.     Upon information and belief, Defendant monitors the content on its Website.

71.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

72.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

73.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

74.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

75.     Defendant's use of the Photograph harmed the actual market for the Photograph.

9

76.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

77.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

78.     On or about April 11, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

79.     Thereafter, on or about June 6, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

80.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

81.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST CAUSE OF ACTION
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

82.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

83.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

84.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

85.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

86.     Without permission or authorization from Plaintiff and in willful violation of

Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

87.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

88.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

89.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

90.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

91.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
*(Contributory Copyright Infringement)*

92.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

93.    Defendant herein has caused, enabled, facilitated and materially contributed to the Infringement via its Website.

94.    Defendant has directly and indirectly promoted the Infringement and refused to

exercise its ability to stop the Infringement made possible by its distribution.

95.    Defendant had a continuing relationship with the individuals using the Website after distribution of the Infringement and, thus, Defendant's actions substantially contributed to the infringing activity. For example, [insert facts that show this continuing relationship after distribution to the users of the software/website.]

96.    Defendant's actions show a relationship to the infringing activity beyond just mere operation of an internet business. For example, [insert facts that show relationship to the infringing acts beyond just mere operation of a website business].

97.    Defendant is liable as a contributory infringer since it had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct.

98.    Defendant's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

99.    Upon information and belief, Defendant willfully contributorily infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

100.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

101.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

102.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**THIRD CAUSE OF ACTION**

*(Removal and/or Alteration of Copyright Management*
*Information 17 U.S.C. § 1202(b))*

103.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

104.    The Photograph, as originally published and distributed by Plaintiff and/or Plaintiff's authorized licensing agents at https://nypost.com/2023/05/01/subway-rider-dies-after-being-put-in-chokehold-in-nyc/ contained a gutter credit attributing Plaintiff as the author of the work.   Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

105.    Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

106.    Upon information and belief, Defendant's distribution of the Infringement containing the Photograph was undertaken with actual knowledge that Plaintiff's CMI had been removed, altered, omitted, and/or not reproduced without Plaintiff's authorization.

107.    Upon information and belief, Defendant knowingly removed, altered, omitted, and/or failed to reproduce Plaintiff's copyright management information and knew, or had reasonable grounds to know, that such conduct would induce, enable, facilitate, and/or conceal the infringement of Plaintiff's copyrighted work alleged herein.

108.    Upon information and belief, Defendant removed, altered, stripped, and/or failed to reproduce metadata associated with the Photograph, including metadata identifying Plaintiff as the author and copyright owner.

109.    Defendant's conduct violates 17 U.S.C. § 1202(b).

110.    Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

111.    As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. §

13

1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

112.    As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

### JURY DEMAND

113.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.    for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

infringing use of any of Plaintiff's works;

f.    for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.    for pre-judgment interest as permitted by law; and

h.    for any other relief the Court deems just and proper.

DATED: July 8, 2026

**SANDERS LAW GROUP**

By:    */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129838

*Attorneys for Plaintiff*